**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

INFORMED CONSENT ACTION NETWORK,

                                   Plaintiff,

  -against-

CENTERS FOR DISEASE CONTROL AND PREVENTION,

                                   Defendant.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

---

Plaintiff, as for its Complaint against the above-captioned Defendant, alleges as follows:

## INTRODUCTION

1. The Centers for Disease Control and Prevention ("**CDC**"), an agency within HHS, is, according to its own statement, "committed to openness and accountability."[1]

2. The need for transparency and accurate information is only heightened during high-risk critical situations such as the current SARS-Cov-2, or COVID-19, pandemic. During a time when Americans' constitutional and everyday rights are being restricted, by order of the government and "for the greater good," the people's need for and their right to data and information regarding such a critical subject is intensified.

3. Plaintiff Informed Consent Action Network ("**Plaintiff**" or "**ICAN**") is a non-profit organization that advocates for informed consent with regard to all medical interventions. The CDC is and has been heavily involved in the federal government's response to the COVID-19 pandemic. ICAN, therefore, submitted four narrowly tailored and specific requests pursuant to the Freedom of Information Act ("**FOIA requests**") to the CDC on April 29, 2020 for emails from

---

[1] https://www.cdc.gov/od/foia/index.htm.

1

four individuals, all with leadership roles within the CDC, related to the handling of COVID-19. ICAN wished to review and share with the public the emails and the data within.

4. The CDC combined ICAN's four requests into one request and challenged it as overly broad and lacking specificity. The CDC provided no documents in response to the requests.

5. ICAN administratively appealed these findings, pointing out that the requests are in fact narrow and specific since they are (i) specifically limited to emails (ii) of four named individuals[2] (ii) that include one of four specific search terms (iv) sent or received during a discrete period of time.

6. These requests reasonably describe the records sought, as the CDC is able to precisely determine what records are being requested. The CDC has not explained what unreasonable burden exists in searching for these emails; therefore, it has a duty to search for and produce all non-exempt emails or portions of emails which are responsive.

7. ICAN brings this action to challenge the CDC's finding that the FOIA requests were improper and to challenge the CDC's failure to respond to its administrative appeal regarding same. Copies of these emails should be readily accessible to the CDC, and it should welcome sharing these emails with the public in furtherance of its goals of openness and accountability.

## PARTIES

8. Plaintiff Informed Consent Action Network is a not-for-profit organization with an office located at 140 Broadway, 46th Floor, New York, New York 10005.

---

[2] "[T]he agency's top personnel involved in the fight against COVID-19" according to the CDC. *See* Exhibit B, May 8, 2020 CDC letter in response to ICAN's FOIA requests.

9. Defendant Centers for Disease Control and Prevention is an agency within the Executive Branch of the United States Government, organized within HHS. The CDC is an agency within the meaning of 5 U.S.C. §552(f).

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper within this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(a).

## FACTS

11. A novel coronavirus, SARS-CoV-2, which causes coronavirus disease 2019 ("**COVID-19**"), and the resulting pandemic, has resulted in federal government officials taking swift action and recommending numerous restrictions on everyday life in America. Many of those restrictions press deeply upon cherished civil and constitutional rights. In such times, the media is right to demand transparency by the government to answer pressing questions by the public and to fulfill the role of the fourth estate.

**I.    The FOIA Requests and Administrative Record**

12. The foregoing, including the many inquiries ICAN has received from its subscribers, donors, and followers, led it to submit four FOIA requests to the CDC. The first FOIA Request, submitted on April 29, 2020 (the "**First Request**") sought the following documents:

> **All emails sent or received by Nancy Messonnier between November 1, 2019 and the present that include the term SARS-CoV, COVID, COVID-19 or coronavirus in any portion of the email, including the body, subject, metadata, sender line, or recipient line of the email, or any attachment to the email.**

13. Later that same day, the same FOIA request was also submitted with regard to Robert Redfield (the "**Second Request**"), Frank DeStefano (the "**Third Request**"), and Anne Schuchat (the "**Fourth Request**"). Copies of all four FOIA requests are appended as **Exhibit A**.

14. On May 8, 2020, the CDC responded to all four FOIA requests in a letter objecting to these requests as follows:

> This letter is to notify you that you have not submitted a proper FOIA request because your request is overly broad and lacks the specificity needed to assist the agency retrieve the information with a reasonable amount of effort. To assist the agency, locate the records you are requesting, we need you to provide the following additional information:
>
> - Provide the names, titles and domain names of the sender and recipient of the emails you are seeking
> - Specify the subject of the emails you are seeking as they relate to - SARS-CoV, COVID, COVID-19 and/or coronavirus
> - Provide the name or subject and date of the exact email you are interested
> - Provide a narrowed date range
> - Consider omitting news clippings and information that is publicly available
>
> …
>
> In order to get you responsive information in the most timely manner possible, we ask that you be as specific as possible about the records/information you seek, rather than asking for broad categories of records containing only the name/nickname of the virus. Searches using only those terms cannot be performed with reasonable effort.

(**Exhibit B**).

15. On May 11, 2020, ICAN filed an administrative appeal challenging the CDC's determination that the FOIA requests "lack[] the specificity needed to assist the agency retrieve (sic) the information with a reasonable amount of effort." (**Exhibit C**).

16. On May 12, 2020, the CDC acknowledged receipt of the appeal and stated that "a 10 working day extension" would be utilized to process the appeal, and on May 27, 2020 acknowledged the appeal was in process. (**Exhibit D**). No further communications from the CDC regarding the appeal have been received.

17. The CDC's 20-day time limit to provide a determination with regard to the appeal lapsed as of June 9, 2020 and the additional 10 day extension lapsed as of June 23, 2020. (5 U.S.C. § 552(a)(6)(A)(ii).) The CDC therefore failed to make a final determination within 30 business days from receipt of Plaintiff's FOIA appeal as required by 5 U.S.C. § 552(a)(6)(A)(ii).

## II. The FOIA Request is Proper and Not Overbroad

18. The purpose of FOIA is "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S.Rep. No. 813, 89th Cong., 1st Sess., 3 (1965). Furthermore, "FOIA's prodisclosure purpose and legislative history reflect an intent to avoid creating loopholes for denial of access and reinforces the duty of federal agencies to construe a FOIA request liberally." *Public Emples. for Envtl. Responsibility v. United States EPA*, 314 F. Supp. 3d 68, 74-75 (D.D.C. 2018) (internal quotation marks and citations omitted). Therefore, FOIA requires federal agencies, including the CDC, to disclose records to any person upon request, unless the information falls within one of nine narrow exemptions to disclosure listed in the Act. *See* 5 U.S.C. § 552(a)(3)(A), (b).

19. FOIA thereby gives life to "the fundamental principle of public access to Government documents" and "a general philosophy of full agency disclosure." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151-52, 110 S. Ct. 471, 107 L. Ed. 2d 462 (1989).

20. A proper FOIA request is one which "reasonably describes" the records sought. 5 U.S.C. § 552(a)(3)(A). "A record is 'reasonably described' if a professional employee of the agency familiar with the subject matter can locate the records with a reasonable amount of effort." *Freedom Watch, Inc. v. CIA*, CV No. 12-0721, 895 F. Supp. 2d 221, 2012 U.S. Dist. (D.D.C. 2012) (internal citations and quotation marks omitted). It is clear that running search terms and date limiters within four individuals' email accounts can be done with little to no effort.

5

21. "A request reasonably describes records if the agency is able to determine precisely what records are being requested." *Id.* (internal quotation marks and citations omitted). "Once an agency becomes reasonably clear as to the materials desired, FOIA's text and legislative history make plain the agency's obligation to bring them forth and disclose all reasonably segregable, nonexempt portions of the requested record(s)." *Id.* (internal quotation marks and citations omitted).

22. Here, each of the four FOIA requests reasonably describes the records sought since each request (i) is only for a specifically named individual, (ii) and only seeks that individual's emails, (iii) which contain one or more of four very specific search terms, (iv) during a narrow period of a few months. Each request is simple and straightforward. They are not, as the CDC claimed, "overly broad" nor do any "lack[] the specificity needed to assist the agency retrieve the information with a reasonable amount of effort." Indeed, the CDC can simply and quickly conduct an electronic search of each of the four email accounts at issue, limiting the search to the specified time and search terms.

23. "When an agency claims that complying with a request is unreasonable, it bears the burden to provide a sufficient explanation as to why such a search would be unreasonably burdensome." *Am. Oversight v. United States GSA*, No. 18-2419 (CKK) 2020 U.S. Dist. LEXIS 68767, at *29 (D.D.C. April 20, 2020) (internal citations omitted). The CDC's only complaint is that these individuals "generate large volumes of records every day"[3] and that the search terms "are very common at this point." The CDC however has not provided any estimate of time the search would require, the cost of any such search, or the number of documents that would have to be reviewed.

---

[3] Exhibit C. Note also that ICAN's request is not as broad as the CDC describes in that the request is limited to emails of specific individuals for a specific narrow time period that contain certain specific words and no other records.

**Requested Relief**

WHEREFORE, Plaintiff prays that this Court:

    a. Provide for expeditious proceedings in this action;

    b. Enter an Order declaring that it was unlawful for the CDC to fail to disclose documents responsive to each of the FOIA requests;

    c. Enter an Order directing the CDC to, within 5 days of issuance of the order, disclose a copy of all emails responsive to each of the FOIA requests;

    d. Award Plaintiff its costs and reasonable attorneys' fees incurred in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

    e. Grant such other and further relief as the Court may deem just and proper.

Dated:   August 6, 2020

                                                                     SIRI & GLIMSTAD LLP

                                                                     Aaron Siri
                                                                     Elizabeth Brehm
                                                                     200 Park Avenue, 17th Floor
                                                                     New York, New York 10166
                                                                     Tel: (212) 532-1091
                                                                     aaron@sirillp.com
                                                                     *Counsel for Plaintiff*